JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 17-1968 PA (JEMx) | Date | October 25, 2017 |
| Title | Curtis International Ltd. v. Pacific Logistics Corp. | | |

Present: The Honorable  PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Kamilla Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiff:    Attorneys Present for Defendant:

None    None

**Proceedings:**    IN CHAMBERS - COURT ORDER

Before the Court is a "Joint Petition for Stay of the Action and Trial Continuance Pursuant to Agreement to Arbitrate" (the "Petition") filed by plaintiff Curtis International, Ltd. ("Plaintiff") and defendant Pacific Logistics Corp. ("Defendant"). (Docket No. 45.) In the Petition, the parties seek a stay of proceedings while they pursue binding arbitration of all claims alleged in their pleadings.

"The [Federal Arbitration Act ("FAA")] provides that any arbitration agreement within its scope 'shall be valid, irrevocable, and enforceable,' and permits a party 'aggrieved by the alleged . . . refusal of another to arbitrate' to petition any federal district court for an order compelling arbitration in the manner provided for in the agreement." Chiron Corp. v. Ortho Diagnostic Sys., Inc., 207 F.3d 1126, 1130 (9th Cir. 2000) (internal citation omitted) (quoting 9 U.S.C. §§ 2, 4). The FAA reflects both a "liberal federal policy favoring arbitration" and the "fundamental principle that arbitration is a matter of contract." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011) (internal citations and quotation marks omitted). "In line with these principles, courts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms." Id. (internal citations omitted). The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 218, 105 S. Ct. 1238, 84 L. Ed. 2d 158 (1985) (emphasis in original). "The court's role under the Act is therefore limited to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue. If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." Chiron Corp., 207 F.3d at 1130 (internal citations omitted).

Here, both parties have signed an arbitration agreement for the purpose of resolving "all disputes set forth in the Parties' respective claims and counterclaims in [this] Litigation by mechanism of final and binding arbitration before a single neutral arbitrator as the exclusive method for resolution of such disputes . . . ." (See Petition, Decl. of Robert B. Salley ISO Petition, Ex. A.) The Court concludes that a valid agreement to arbitrate exists and that it encompasses the claims at issue in this action. Accordingly, the parties' Petition is granted in part.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 17-1968 PA (JEMx) | Date | October 25, 2017 |
|---|---|---|---|
| Title | Curtis International Ltd. v. Pacific Logistics Corp. | | |

 Because all of Plaintiff's claims and Defendant's counterclaims are subject to arbitration, the Court exercises its discretion to dismiss this action. See Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc., 368 F.3d 1053, 1060 (9th Cir. 2004) (holding that district court did not err in dismissing claims subject to arbitration and noting that FAA allows but does not require a stay of court proceedings); Sparling v. Hoffman Constr. Co., 864 F.2d 635, 638 (9th Cir. 1988) (affirming trial court's dismissal of claims referred to arbitration); Martin Marietta Aluminum, Inc. v. Gen. Elec. Co., 586 F.2d 143, 147 (9th Cir. 1978) (affirming grant of summary judgment where claims were subject to arbitration); see also Pleasant v. Dollar Gen. Corp., No. EDCV 14-02645 JGB (KKx), 2015 WL 12811236, at *3 (C.D. Cal. Feb. 18, 2015) ("[T]he Ninth Circuit has held that courts have discretion to dismiss claims that are subject to an arbitration agreement. Here, the class action waiver in the Agreement is enforceable, leaving only Plaintiff's individual claims, which are subject to arbitration. Accordingly, the Court DISMISSES the Complaint . . . ." (citations omitted) (collecting cases)).

 Therefore, having referred the parties' claims and counterclaims to arbitration, the Court dismisses the action.

 IT IS SO ORDERED.